Filed 6/29/26  P. v. Quintana CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR QUINTANA,<br><br>    Defendant and Appellant. | 2d Crim. No. B346303<br>(Cons. w/ B346315)<br>(Super. Ct. Nos. 2021004452<br>& 2021011695)<br>(Ventura County) |

Omar Quintana appeals his convictions after pleading guilty in two unrelated cases.  In the first case, he was charged with burglary (Pen. Code,[1] § 459) and vandalism (§ 594, subd. (b)(1)) after breaking into a locked storage container.  This included special allegations that he was previously convicted of a serious or violent felony (§§ 667, subds. (c)(1), (e)(1), 1170.12,

_____

[1] All further statutory designations are to the Penal Code unless otherwise indicated.

subds. (a)(1), (c)(1)), and that any executed sentence for a felony must be served in state prison (§ 1170, subd. (h)(3)).[2]

In the second case, he was charged with 18 counts of lewd conduct with a child under 14 (§ 288, subd. (a)) and one count of luring a minor for the purpose of lewd conduct (§ 288.3, subd. (a)). This included the same special allegations as the first case, plus the following aggravating factors:  the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)); the manner in which appellant carried out the crimes indicated planning, sophistication or professionalism (*id.*, rule 4.421(a)(8)); he had served a prior term in prison or county jail under section 1170, subdivision (h) (*id.*, rule 4.421(b)(3)); and, his prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory (*id.*, rule 4.421(b)(5)).[3]

Appellant pleaded guilty to one count of second-degree burglary and two counts of lewd conduct with a child under 14. He admitted a prior strike.  The court imposed an aggregate prison term of 24 years on the lewd conduct counts and assessed $10,300 in restitution fines.  It imposed a concurrent low term of 16 months for burglary and struck the prior strike as to that count.

Appellant filed notices of appeal in both cases.  We appointed counsel and ordered the appeals consolidated for the purposes of briefing, oral argument, and disposition.  After reviewing the record, counsel filed an opening brief relying on

---

[2] *People v. Quintana* (Super Ct. Ventura County, 2021, No. 2021004452).

[3] *People v. Quintana* (Super Ct. Ventura County, 2021, No. 2021011695).

*People v. Wende* (1979) 25 Cal.3d 436.  Appellant filed a supplemental brief.  We will affirm.

FACTS

We source the facts from the probation reports that served as the factual basis of appellant's guilty plea in both cases.

*Burglary Case*

The manager of the Ventura Chuck E. Cheese's restaurant replaced the lock on an outdoor storage room after several break-ins.  One morning, she noticed the door pried open and heard rustling inside.  Appellant emerged holding his belongings.  He was later identified in photos taken by the manager and from surveillance video of the storage room.

*Lewd Conduct Case*

Appellant, then 35, met 12-year-old H.P. while "squatting" in the outdoor closet of an apartment complex in March of 2021.  While watching YouTube videos together in the complex's pool room, appellant began touching himself.  He asked H.P. to touch his penis, then orally copulated her.  They had sexual intercourse and exchanged telephone numbers.

Appellant and H.P. met again several times during March and April—first in the pool room, then in the outdoor closet where he was squatting.  Each time they engaged in intercourse and other sexual activity.  H.P. ran away from home on April 18 and stayed in appellant's closet.  She fled when he became mean and physically abusive.  Police returned her home the next day.

Appellant came to H.P.'s apartment later that month with a teddy bear.  He followed her when she left to catch the school bus.  Several concerned students called police after seeing H.P. running away from him yelling "rapist!"  H.P. disclosed the

sexual abuse when police contacted her. Appellant corroborated her allegations in a recorded pretext call.

## DISCUSSION

Appellant contends in his supplemental brief that he received ineffective assistance of counsel in the trial court. He gives four examples.

First, appellant contends prosecutors should not have charged him with burglary because, among other reasons, he did not steal anything from the storage room he broke into at Chuck E. Cheese's. He faults defense counsel for not pressing the issue or seeking to reduce the charge to a misdemeanor trespassing before recommending he plead guilty.

Second, appellant states defense counsel refused to file a *Romero*[4] motion to strike a prior violent felony (i.e., a 2008 carjacking conviction). This required appellant to write a letter to the court requesting this relief. He states defense counsel "alerted" the district attorney of his letter, which led to prosecutors changing the terms of an earlier plea agreement.

Third, he contends defense counsel failed to raise and argue certain mitigating factors, including his good conduct during pre-trial detention and his completing of education courses.

Fourth, appellant contends defense counsel failed to advise him of the right to a restitution hearing, then belatedly advised him at sentencing to waive his right to be personally present. Appellant argues he agreed only because of his "ignorance" and "vulnerability" at the time and that he does not have the ability to pay the assessments, which total over $10,000 in fines.

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)

4

Appellant's ineffective assistance of counsel claims are, in substance, a challenge to the validity of his plea. The claims are not properly before us on appeal because appellant did not obtain a certificate of probable cause. (See § 1237.5; see also *People v. Braden* (2023) 14 Cal.5th 791, 819 ["request for diversion must be made before attachment of jeopardy at trial or the entry of a guilty or no contest plea"]; *People v. Robinson* (2024) 100 Cal.App.5th 133, 136 & fn. 2 [ineffective assistance of counsel claim asserting failure to request pretrial mental health diversion requires certificate of probable cause].)

The claims would fail on the merits regardless. We discuss them in the order raised.

Appellant's contention that he could not be convicted of burglary are based on his subjective assessment of the evidence prosecutors might have used at trial. He highlights the judge's comments to prosecutors at the preliminary hearing suggesting they overcharged the crime but omits the fact that the same judge held him to answer for burglary anyway.

Appellant's contention that defense counsel improperly "alerted" the district attorney of appellant's *Romero* letter is based on a misunderstanding of the prohibition of ex parte communications with the court. (See Rules Prof. Conduct, rule 3.5(b) ["a lawyer shall not directly or indirectly communicate with or argue to a judge or judicial officer upon the merits of a contested matter pending before the judge or judicial officer, except: . . . (4) in writing with a copy thereof furnished to all other counsel and any unrepresented parties in the matter"].) Defense counsel properly served the district attorney with a copy.

As for his mitigating circumstances, appellant concedes he was able to raise them in his letter to the court. He also

5

addressed the court directly on this subject at sentencing.  We doubt further argument from defense counsel would have swayed the court, which had already agreed to strike the prior strike on the burglary charge—a decision opposed by the victim's family, who objected to the plea agreement in open court as too lenient.

Lastly, we reject appellant's contention that he received ineffective assistance when defense counsel advised him to waive his right to be present at his restitution hearing.  Appellant was present at sentencing when the court imposed mandatory restitution fines totaling $10,300 pursuant to section 1202.4, subdivision (b).  Counsel advised him to waive his presence at a future restitution hearing involving H.P.'s right to restitution under section 1202.4, subdivision (f).  Assuming the court held this hearing, the record does not contain the resulting order or the transcript of proceedings.  Defendant's ability to pay would not have been taken into consideration.  (See § 1202.4, subd. (g) ["A defendant's inability to pay shall not be a consideration in determining the amount of a restitution order"].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


YEGAN, Acting P. J.          BALTODANO, J.

6

R. Paul Kawai, Judge
Superior Court County of Ventura
_____

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.